IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JAMES ROBERT DELKER**                                                **PETITIONER**

**V.**                            **CAUSE NO. 3:13-CV-950-CWR-LRA**

**MARSHALL L. FISHER, Commissioner of**                      **RESPONDENTS**
**the Mississippi Department of Corrections;**
**JIM HOOD, Attorney General of the State**
**of Mississippi**

**ORDER**

Before the Court is petitioner James Robert Delker's objection to the Report and Recommendation of United States Magistrate Judge Linda R. Anderson. Docket No. 15. After considering the facts, arguments, and applicable law, Judge Anderson recommended dismissing Delker's petition seeking habeas relief under 28 U.S.C. § 2254. Docket No. 14.

Delker primarily argues that the Report and Recommendation erred by finding his second ground for relief barred by *Stone v. Powell*, a Supreme Court decision which prevents federal habeas courts from reviewing most Fourth Amendment claims. *See, e.g.*, *Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002). He argues that his second ground for relief is not barred by *Stone v. Powell* because it seeks to raise distinct Fourteenth Amendment issues.

The second ground for relief states as follows: "The Mississippi Supreme Court's failure and/or refusal to apply the state of Mississippi's then existing exclusionary rule to the facts of Delker's case represents both a denial of equal protection of the law and due process, in violation of the Fourteenth Amendment to the United States Constitution." Docket No. 15, at 10.

Delker's principal contention is that he has been denied equal protection under Mississippi law because "[t]he Mississippi Supreme Court decision in the Petitioner's case failed to follow its own precedent in Smith v. State, 240 Miss. 738, 128 So.2d 857 (Miss. 1961)." *Id.* at

10. He says that "the search and seizure clause of Article 3, §23 of the state constitution provides greater protection to its citizens than does the Fourth Amendment." *Id.* at 13. He also makes arguments that the Mississippi Supreme Court disregarded a Mississippi statute, the *ex post facto* clause of the United States Constitution, and *stare decisis* when it ruled against him. *Id.* at 14; *see also id.* at 18 ("Delker submits that the validity and reasonableness of his arrest under state law is in fact the controlling issue in this Petition."); *id.* at 24 ("any evidence obtained thereafter was not admissible under Mississippi's constitution, state exclusionary rule, and statutory precedent"). Again, though, the crux of Delker's complaint is that Mississippi's highest court "failed to follow its own precedent in Smith v. State." *Id.* at 10.

The objection fails to persuade the Court that the Report and Recommendation erred; *Stone v. Powell* would be of little use if every Fourth Amendment suppression issue could so easily be recharacterized as a Fourteenth Amendment issue. Even assuming such an error, however, the petitioner's arguments lack merit for an entirely different reason.

It is well-established that federal courts considering a § 2254 petition "cannot review the correctness of the state habeas court's interpretation of state law." *Young v. Dretke*, 356 F.3d 616, 628 (5th Cir. 2004) (citations omitted). "Errors of state law, including evidentiary errors, are not cognizable in habeas corpus." *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007) (quotation marks and citation omitted). "Instead, the only relevant inquiry is whether the [claimed error of state law] violated Petitioner's federal constitutional rights." *Id.* (citation omitted).

Under existing law, therefore, this Court may not, while reviewing a § 2254 petition, disturb the Mississippi Supreme Court's interpretation of Mississippi law unless the interpretation resulted in "a decision that was contrary to, or involved an unreasonable

application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). The needle Delker is trying to thread here – that even if there was no Fourth Amendment violation, the Mississippi Supreme Court erred in failing to apply or misapplying the stronger protections of the Mississippi Constitution, Mississippi statutes, and Mississippi case law – presents exactly the prospect of interfering with state law this Court must avoid on habeas review.

In what is presumably an attempt to avoid this procedural bar, Delker has wrapped his argument in the federal due process and equal protection principles announced by the United States Supreme Court in such cases as *Bouie v. City of Columbia*, 378 U.S. 347, 354 (1964), and *Rogers v. Tennessee*, 532 U.S. 451, 457 (2001). These cases, however, were decided on direct appeal, not habeas. That distinction is fatal.[1]

For these reasons, Delker's second ground for relief is not cognizable on federal habeas review.

Finally, Delker objects to the Report and Recommendation's finding that he was able to hold his foot up for only 12 seconds during the one-legged portion of the standardized field sobriety test. Docket No. 15, at 1. He says the correct length of time was 21 seconds. *Id.* at 1 n.1.

According to the trial transcript, the deputy sheriff who conducted Delker's standardized field sobriety test first testified that Delker held his foot up for 12 seconds. Docket No. 7-5, at 18. On cross-examination, and after viewing a video showing Delker's test, the deputy appeared to concede – with some prompting from defense counsel on how to properly add up the seconds – that Delker held his foot up for 21 seconds. *Id.* at 41. The issue did not come up again on redirect. To the extent a fact question remained on this topic, it was left for the jury's consideration.

---

[1] The United States Supreme Court denied certiorari in Delker's case. *Delker v. Mississippi*, 131 S. Ct. 2941 (2011).

With nothing else in Delker's objection to discuss, this matter is due to be closed.[2] Accordingly,

**IT IS HEREBY ORDERED** that Delker's objection is overruled in part and sustained in part, as clarified above;

**IT IS FURTHER ORDERED** that the Report and Recommendation is adopted by this Court as its own findings of fact and conclusions of law, again as clarified and supplemented above;

**IT IS FURTHER ORDERED** that pursuant to Federal Rule of Civil Procedure 25(d), the Clerk of Court shall substitute former defendant Rick McCarty with Marshall L. Fisher, in light of the latter's accession to the office of Commissioner of the Mississippi Department of Corrections; and

**IT IS FURTHER ORDERED** that James Robert Delker's habeas petition is dismissed with prejudice. No certificate of appealability shall issue. A separate Final Judgment is forthcoming.

**SO ORDERED**, this the 2d day of March, 2015.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[2] The Court declines to take up whether the petition is moot, but notes the possibility for further review. *See Wright v. Epps*, No. 1:13-CV-584-KS-MTP, 2014 WL 4411635, at *1 (S.D. Miss. Sept. 4, 2014) ("For purposes of Section 2254, 'a criminal conviction is moot only if it is shown that there is no possibility that any collateral consequences will be imposed on the basis of the challenged conviction. Similarly, but in perhaps even stronger language, . . . the mere possibility of such adverse consequences is enough to preclude a finding of mootness.'") (quoting *Carter v. Procunier*, 755 F.2d 1126, 1130 (5th Cir. 1985)).